# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHELLY J. NEWTON,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents*.

Case No. 2:17-cv-02894-KJD-GWF

ORDER

This habeas action under 28 U.S.C. § 2241 by a Nevada state pretrial detainee comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review. The Court finds that petitioner is unable to pay the filing fee and therefore will grant the pauper application.

On initial review, it appears, *inter alia*, that the petition is wholly unexhausted and that the petition also is barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner therefore must show cause in writing why the petition should not be dismissed without prejudice.

### *Background*

Petitioner Shelly Newton seeks the dismissal of two pending state criminal cases and her release from detention. In No. 16C318737, petitioner is charged with escape by a felony prisoner. She was found guilty by a jury verdict in that case on October 18, 2017; and sentencing is set for December 7, 2017. In No. 16C318889, petitioner is charged with escape

from electronic supervision. A jury trial is scheduled in that matter for January 29, 2018. Petitioner is represented by the public defender in both cases.[1]

The online records of the state appellate courts reflect only one proceeding brought by petitioner. Newton filed a proper person original petition for a writ of mandamus in the state supreme court on November 16, 2017, only days before the filing of this action, under No. 74464. She seeks a writ of mandamus directing the state district court to dismiss the pending cases and release her from custody. The only recently filed petition remains pending for consideration by the state appellate courts.

## *Discussion*

### *Exhaustion*

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus first must exhaust her state court remedies before presenting her constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254(b)(1). *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[2]

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle

---

[1] In addition to the allegations of the petition, the Court takes judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from: https://www.clarkcountycourts.us/Anonymous/default.aspx and https://nvcourts.gov/Supreme/.

[2] *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984)(Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982)(exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944)(applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

1 the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner filed a proceeding in the state appellate courts only days prior to the filing of this matter; and that proceeding remains under consideration at this time. It therefore would appear that petitioner has not exhausted any claims, regardless of the content of his filings in the state appellate courts.

Moreover, an original petition for relief filed in the state appellate courts generally does not exhaust claims asserted therein. State appellate courts are not required to consider claims presented in such a petition on the merits, *see, e.g., Ex parte Hawk*, 321 U.S. 114 (1944), and they generally do not do so. Where the state appellate courts decline to exercise original jurisdiction over such a petition and do not decide the merits of any claim raised therein, the proceeding exhausts no claims. *See, e.g., Pitchess v. Davis*, 421 U.S. 482, 488 (1975); *Ex parte Hawk*, 321 U.S. at 116; *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *See also Castille v. Peoples*, 489 U.S. 346, 351 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying the rule to the filing of an original extraordinary petition in a state high court).

Accordingly, petitioner must show cause why the federal petition should not be dismissed for lack of exhaustion. In order to establish exhaustion of all federal claims presented herein, petitioner must demonstrate that: (1) each federal claim in this matter was presented to the state courts through to the Supreme Court of Nevada; (2) the proceedings in the state appellate courts have concluded by the issuance of a remittitur or notice in lieu

1 of a remittitur; and (3) the state appellate courts addressed the merits of the claims if the
2 claims were presented in an original petition or other procedural context in which the merits
3 would be considered only in special circumstances. In this regard, petitioner will be required
4 to attach copies with her show-cause response of all of her filings in the state appellate courts
5 upon which she relies to establish exhaustion, along with any written orders thereon.

### *Younger Abstention*

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Petitioner therefore must also show cause why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

### *Proper Respondent*

Petitioner must name her immediate physical custodian, in this instance the sheriff, as a respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-42 (2004). Moreover, petitioner may not proceed directly against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). The Court expresses no opinion at this juncture as to the appropriateness of the remaining respondents named. The State will be dismissed, and petitioner must file an amended petition naming the sheriff as a respondent.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[3] and that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why: (a) the federal petition should not be dismissed without prejudice for lack of exhaustion; and (b) the federal petition further is not subject to dismissal without prejudice based upon the *Younger* abstention doctrine.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which petitioner bases an argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that, if petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his show-cause response: (a) copies of any and all papers that were accepted for filing in the state courts that she contends demonstrate that each federal claim in the present matter is exhausted; and (b) copies of all written state court decisions on the claims.

IT FURTHER IS ORDERED that the State of Nevada shall be DISMISSED as a respondent herein and that petitioner shall have **thirty (30) days** within which to file an amended petition naming the sheriff as a respondent. If petitioner fails to timely do so, the action will be dismissed without further advance notice.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 and shall place the docket number, 2:17-cv-02894-KJD-GWF, in the space to the right of the caption. Under Local Rule LR 15-1, the amended petition must

---

[3]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice. Given that this action seeks to restrain ongoing state criminal proceedings, requests for extension of time to respond to this order will be considered only in the most compelling of circumstances. The continuing pendency of proceedings in the state appellate courts will not constitute compelling circumstances supporting an extension request. Petitioner must demonstrate that the action is not subject to dismissal within the time allowed, based upon the state of affairs existing as of that time. Nothing herein restrains any state proceeding.

The Clerk shall SEND the petitioner two copies each of her petition and an AO-0242 form for a § 2241 petition, which can be retrieved from the forms page on the JNet.

DATED: November 21, 2017

_____
KENT J. DAWSON
United States District Judge