# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHELLY J. NEWTON,

    *Petitioner*,

vs.

JOSEPH LOMBARDO,

    *Respondent*.

Case No. 2:17-cv-02894-KJD-GWF

ORDER

    This habeas action brought under 28 U.S.C. § 2241 by a then Nevada state detainee comes before the Court on a *sua sponte* inquiry as to whether the petition should be dismissed as wholly unexhausted and further under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). This order follows upon the Court's earlier show-cause order (ECF No. 4) and what appears to be petitioner's response thereto (ECF No. 6, at 13-14) filed with the amended petition that also was directed to be filed by the show-cause order.[1]

### *Background*

    The basic procedural history summarized in the show-cause order is not disputed by apposite and cogent argument in the response.

    Petitioner Shelly Newton seeks the dismissal of two pending state criminal cases and her release from her then detention.

---

[1] The remaining material filed with the amended petition (ECF No. 6, at 9-12 & 15) is a photocopy of material submitted with the original petition (ECF No. 5).

In No. 16C318737, petitioner was charged with escape by a felony prisoner. She was found guilty by a jury verdict in that case on October 18, 2017. Subsequent to the show-cause order in this case, petitioner was sentenced on December 7, 2017, to a suspended sentence of 19 to 48 months with probation for an indeterminate period not to exceed three years. A judgment of conviction had not been entered as yet at the time of this Court's most recent review during the preparation of this order.[2]

In No. 16C318889, petitioner was charged with escape from electronic supervision. Petitioner pled no contest to the charge in an amended information on December 13, 2017, and was sentenced to time served. A judgment of conviction had not been entered as yet at the time of this Court's most recent review during the preparation of this order.

Petitioner is represented by the public defender in both cases.

The online records of the state appellate courts reflect only one proceeding brought by petitioner. Newton filed a proper person original petition for a writ of mandamus in the state supreme court on November 16, 2017, only days before the filing of this action, under No. 74464. She seeks a writ of mandamus directing the state district court to dismiss the pending cases and release her from custody. The petition remains pending for consideration by the state appellate courts.

The online inmate locator for the Clark County Detention Center, which is the last institutional address given by petitioner, does not reflect that petitioner currently is in custody at that facility.

***Discussion***

***Exhaustion***

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus first must exhaust her state court remedies before presenting her constitutional claims to the federal courts. The exhaustion rule applicable to requests for

---

[2]In addition to the allegations and papers presented, the Court takes judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from: https://www.clarkcountycourts.us/Anonymous/default.aspx and https://nvcourts.gov/Supreme/.

federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254(b)(1). *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[3]

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner filed a proceeding in the state appellate courts only days prior to the filing of this matter; and that proceeding remains under consideration at this time. It therefore would appear that petitioner has not exhausted any claims, regardless of the content of her filings in the state appellate courts.

Moreover, an original petition for relief filed in the state appellate courts generally does not exhaust claims asserted therein. State appellate courts are not required to consider claims presented in such a petition on the merits, *see, e.g., Ex parte Hawk*, 321 U.S. 114 (1944), and they generally do not do so. Where the state appellate courts decline to exercise

---

[3]*Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984)(Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982)(exhaustion doctrine predates statutory codification); *Ex parte Hawk*, 321 U.S. 114, 117 (1944)(applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

1 original jurisdiction over such a petition and do not decide the merits of any claim raised
2 therein, the proceeding exhausts no claims. *See, e.g., Pitchess v. Davis*, 421 U.S. 482, 488
3 (1975); *Ex parte Hawk*, 321 U.S. at 116; *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981).
4 *See also Castille v. Peoples*, 489 U.S. 346, 351 (1989)(presenting a claim in a procedural
5 context in which the merits of the claim will not be considered, or will be considered only in
6 special circumstances, does not constitute fair presentation of the claim); *Roettgen v.
7 Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying the rule to the filing of an original
8 extraordinary petition in a state high court).

Accordingly, the federal petition is subject to dismissal in the first instance because the petition is wholly unexhausted. Petitioner has not demonstrated that: (1) each federal claim in this matter was presented to the state courts through to the Supreme Court of Nevada; (2) the proceedings in the state appellate courts have concluded by the issuance of a remittitur or notice in lieu of a remittitur; and (3) the state appellate courts addressed the merits of the claims if the claims were presented in an original petition or other procedural context in which the merits would be considered only in special circumstances.

Petitioner's arguments seeking to avoid dismissal of the federal petition are frivolous. Petitioner urges, *inter alia*, that she "has never waived sovereign immunity," that assertion of state court jurisdiction over her "would be implying that plaintiff is a United States citizen verses [sic] a natural born citizen of the United States." and that "the fact that state officials have failed to acknowledge the rights of the plaintiff as a private person and in doing so has [sic] denied the United States Constitution and the separation of church and state." (ECF No. 6, at 13-14.) These assertions follow upon similar assertions peppered throughout the original and amended petitions and associated papers together with, *e.g.,* assertions that the state court's jurisdiction is maritime and that the flags flying in the courtroom are maritime rather than United States flags. (ECF No. 5, at 13.)

These frivolous assertions fail to demonstrate adequate cause as to why the petition should not be dismissed without prejudice for lack of exhaustion. Petitioner further has not requested other appropriate relief, such as a stay; and petitioner in any event has not

demonstrated, *inter alia*, good cause for her failure to exhaust as a predicate for such a stay, particularly as to pending state criminal proceedings. Petitioner has an available procedural avenue of filing an appeal from her convictions in the state courts following upon entry of a judgment of conviction in each case, if she does so timely.

### *Younger Abstention*

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Petitioner's frivolous contentions in response to the show-cause order, referenced in the preceding section, fail to demonstrate adequate cause as to why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for lack of exhaustion and further under the *Younger* abstention doctrine.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the district court's procedural dismissal to be incorrect or debatable.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: December 19, 2017

———————————————
KENT J. DAWSON
United States District Judge